**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| EDUARDO VELA, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:06CV137 ERW(LMB) |
| LARRY CRAWFORD,[1] | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Eduardo Vela for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

Respondent has filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not be Granted (Doc. No. 6), along with a Supplemental Response (Doc. No. 19). Petitioner has filed a Reply. (Doc. No. 20).

### Procedural History

Petitioner is presently on parole status. See Doc. No. 19. He is being supervised by the State of Texas. See id. The Pemiscot County Circuit Court revoked petitioner's probation on October 20, 2004. See Resp't Ex. B. Petitioner challenges the revocation of his probation.

---

[1]Petitioner is currently on parole status, and is being supervised by the State of Texas. Respondent Jill McGuire, Superintendent of the Tipton Correctional Center, therefore, is no longer the proper respondent. Larry Crawford, the director of the Missouri Department of Corrections is the proper party respondent because the Missouri Department of Corrections has jurisdiction of petitioner. Thus, Larry Crawford is substituted as the party respondent.

On January 12, 2006, petitioner, pro se, filed a petition for a writ of habeas corpus. (Doc. No. 1). On February 17, 2006, petitioner filed an Amended Petition, raising the following grounds for relief: (1) the probation revocation hearing was not held within a reasonable time frame; (2) the probation revocation court did not provide petitioner with a written statement regarding the evidence relied on and the reason for the revocation; (3) petitioner and his attorney were not able to properly prepare for the revocation hearing due to excessive delay; and (4) the probation revocation court lacked jurisdiction to revoke petitioner's probation under the Missouri statute. (Doc. No. 3).

On March 16, 2006, respondent filed a Response to Order to Show Cause, in which he argues that petitioner's grounds for relief should be dismissed without prejudice because petitioner failed to exhaust his state remedies. (Doc. No. 6). On September 7, 2006, the court directed respondent to file a Supplemental Response addressing the merits of the petition. (Doc. No. 16). On October 25, 2006, respondent filed a Supplemental Response, in which he argues that the petition is untimely, petitioner's grounds for relief are procedurally barred, and petitioner's claims fail on their merits. (Doc. No. 19). On November 6, 2006, petitioner filed a Reply, in which he provides further argument in support of his petition.

## I.     Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413, 120 S.Ct. 1523. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409, 120 S.Ct. 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S.Ct. 1522.

## II.     Petitioner's Claims

Petitioner raises four grounds for relief. The undersigned will address each ground for relief in turn, after discussing the issues of the timeliness of the petition and procedural default.

### A. Statute of Limitations

The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year period of limitation on federal petitions for habeas corpus. The governing provision provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). For purposes of the AEDPA, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). See Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998). Additionally, §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Further, "for purposes of § 2244(d)(2), 'an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.'" Marx v. Gammon, 234 F.3d 356, 357 (8th Cir. 2000)(quoting Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000)).

The Pemiscot County Circuit Court revoked petitioner's probation on October 20, 2004. Resp't Ex. B. Petitioner is not entitled to any tolling because he did not file any state court challenges to the revocation of his probation or to his sentence and judgment following his revocation. The statute of limitations, therefore, expired on October 20, 2005, and the petition filed on January 12, 2006, was untimely. Petitioner has not provided any basis for equitable tolling.

Accordingly, the undersigned recommends that the petition be dismissed as untimely.

### B.     Exhaustion of State Remedies

Respondent also argues that petitioner failed to exhaust his state remedies. Specifically, respondent contends that petitioner has not raised his claims in a state habeas corpus action.

In order for a state prisoner to obtain review under 28 U.S.C. § 2254, he must have fully exhausted all remedies available in the state courts for all his alleged federal habeas grounds. See 28 U.S.C. § 2254(b); Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991); Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995). A failure to raise a claim in the state courts erects a procedural bar to relief in the federal court. See Sweet v. Delo, 125 F.3d 1144, 1149-51 (8th Cir. 1997).

In the instant case, petitioner is challenging the revocation of his probation. Inmates may file a state habeas corpus petition in the circuit court for the county of confinement under Missouri Supreme Court Rule 91 to challenge probation revocations. See Green v. State, 494 S.W.2d 356, 357 (Mo. banc 1973). Petitioner, however, has not filed a habeas corpus petition in state court. As such, petitioner has procedurally defaulted his claims by failing to raise them in state court.

Although the court may dismiss the petition without prejudice to allow petitioner the opportunity to pursue his state remedies, petitioner's claims are barred by the statute of limitations as was discussed above. Respondent has indicated that, should petitioner file a subsequent federal habeas petition challenging his sentences or probation revocation, he will use the statute of limitations defense. Accordingly, the undersigned recommends that the petition be dismissed as untimely.

C. **Substantive Claims**

Petitioner has raised four grounds for relief. The undersigned has already found that petitioner's claims are untimely and procedurally defaulted. Petitioner's grounds for relief fail on their merits as well.

1. **Ground One**

In his first ground for relief, petitioner claims that the probation revocation hearing was not held within a reasonable time frame.

The basic constitutional requirements for a probation revocation hearing have been set out by the Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The Court held that a probationer is entitled to "a preliminary and a final revocation hearing, under the conditions specified in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)." The Morrissey Court held that "the revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." 408 U.S. at 488, 92 S.Ct. 2604-05. In Morrissey, the Court found that a lapse of two months was not unreasonable. See id.

In this case, petitioner states that he was taken into custody in Illinois on July 20, 2004, on the Pemiscot County probation revocation warrant. See Amended Petition at 8-9. The revocation hearing was held on October 20, 2004, three months after his arrest. See Resp't Ex. A at 4. Petitioner has not shown that a three-month period is unreasonable. Further, petitioner cannot demonstrate prejudice from the delay, as he waived his right to a formal hearing and admitted the violations. See id.

Accordingly, the undersigned recommends that petitioner's first ground for relief be

denied.

### 2. Ground Two

In his second ground for relief, petitioner argues that he was not provided with a written statement regarding the reasons for revocation.

Morrissey does require that written notice of the claimed violations of probation be provided. 408 U.S. at 489, 92 S.Ct. 2604. In this case, however, any error was harmless as petitioner admitted to the probation violations. See Resp't Ex. A at 4.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

### 3. Ground Three

In his third ground for relief, petitioner argues that he and his attorney were not able to properly prepare for the revocation hearing due to excessive delay. This claim appears to be an extension of his first ground for relief, which the undersigned found lacked merit. Petitioner fails to show what evidence he would have presented at the revocation hearing had he been given more time. Thus, petitioner is unable to demonstrate prejudice.

Accordingly, the undersigned recommends that petitioner's third ground for relief be denied.

### 4. Ground Four

In his fourth ground for relief, petitioner argues that the probation revocation court lacked jurisdiction to revoke his probation under Mo.Rev.Stat. § 559.036 (2000) because the probationary period had expired.

The federal habeas corpus statute grants authority to this court to consider an application for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(s). A purely state law claim is not cognizable under the federal habeas corpus statute. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Further, "[j]urisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law." Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994).

Petitioner's argument that the state court lacked jurisdiction to revoke his probation is based solely on state law. As such, petitioner's claim is not cognizable in this court's habeas review.

Accordingly, the undersigned recommends that petitioner's fourth ground for relief be denied.

### III.     Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the petition of Eduardo Vela for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised they have eleven (11) days, until February 23, 2009, in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this   12th   day of February, 2009.

_/s/ Lewis M. Blanton_
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE